OPINION OF THE COURT
Anthony J. Mercorella, J.
Motion by defendant to compel arbitration and to stay this action is granted.
Cross motion by plaintiff to stay arbitration is denied.
Plaintiffs bring this purported class action for an accounting, payment of damages and injunctive relief based upon two causes for the alleged retention of customers’ accounts without payment of interest and the remitting of funds by checks drawn on out-of-State banks.
Defendant claims that the plaintiffs entered into two agreements with it of which the first agreement dated January 12, 1976, which is titled "Customer’s Agreement”, contains a broad arbitration clause for any controversy arising out of or relating to the account. Defendant also claims that a later agreement was also signed by the parties, but not attached to the papers, which, while not containing an arbitration clause, did not modify or extinguish the arbitration clause of the earlier agreement. Plaintiffs do not deny this and argue that *636 the defendant may not invoke arbitration as the action is brought in the name of a class.
Neither party has cited any New York case to support their respective position. However defendant has cited several cases from California and Illinois which support its position. In Vernon v Drexel Burnham & Co. (52 Cal App 3d 706), a factual situation similar to that here where the issue arose as to arbitration pursuant to agreement in the face of a purported class action, it was held that the issues should proceed to arbitration. There it was held that the substantive law of contractual agreement takes precedence over the class action which cannot be used to subvert an otherwise enforceable agreement to arbitrate, merely because other individuals, who might qualify as members of a class, were subject to the same provision. This court adopts the reasoning set forth in this decision and holds that the parties here are bound to arbitrate the customer agreement disputes.
The plaintiffs at bar signed an agreement with an arbitration clause contained therein and brought suit as members of a class of persons who signed a similar agreement. The plaintiffs would be relegated to arbitration if they proceeded individually. Therefore the court sees no reason why they should evade the language of their contracts when acting as a group all of whom are bound by the same terms. The law applies equally in both instances, whether plaintiffs seek relief on their own or as a group the relief sought is the same.
Of course, the court makes no determination as to the maintenance of the class action itself.